UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

DAVID MONTY,

                                   Plaintiff,

             -against-                                         1:11-CV-00446 (LEK/DRH)

HOME DEPOT USA, INC.,

                                   Defendant.

## **DECISION and ORDER**

**I.     INTRODUCTION**

Plaintiff commenced this action on July 19, 2010. Dkt. No. 4-1 ("Complaint"). Plaintiff's Complaint was originally filed in New York State Supreme Court in Schenectady County, but was removed to federal court in the Northern District of New York on April 20, 2011, pursuant to a Notice of removal filed by Defendant. (Dkt. No. 1) ("Removal notice"). Plaintiff's Motion to remand is filed pursuant to 28 U.S.C. § 1447(c). For the reasons stated below, Plaintiff's Motion to remand is denied.

Presently before the Court is a Motion to remand (Dkt. No. 4) ("Motion") filed pursuant to 28 U.S.C. § 1447(c) on April 29, 2011, by Plaintiff David Monty ("Plaintiff"). Defendant Home Depot USA, Inc. ("Defendant"), has filed an Opposition to the Motion. Dkt. No. 5 ("Opposition").

**II.    BACKGROUND**

Plaintiff's claim against Defendant stems from events that allegedly occurred during Plaintiff's visit to Defendant's store located at 2500 Cambridge Road, Schenectady, New York,

on September 12, 2009.  Removal notice ¶ 10.  In the Complaint, Plaintiff alleges that on September 12, 2009, after purchasing sheets of drywall from Defendant's store, he began loading the drywall into his vehicle.  Compl. ¶¶ 4–7.  One of Defendant's employees allegedly attempted to assist Plaintiff despite Plaintiff's insistence that he did not require assistance, and "grabbed the drywall in such a manner as to put tremendous strain on the plaintiff's person."  Id. ¶¶ 9-10.  Plaintiff claims that he sustained serious injuries as a result of Defendant's negligence, including a ruptured bicep and tendon.  Id. ¶¶ 11–12.

Plaintiff filed his Complaint and Summons in New York state court on July 19, 2010, and Defendant was served with a copy of both the Summons and Complaint on August 4, 2010.  Dkt. No. 4-1 ("Summons"); Compl.  Defendant served Plaintiff with its Answer and Request for Supplemental Demand on December 3, 2010.  (Dkt. No. 4-3) ("Answer"); Dkt. No. 5-2 ("Request").  On March 22, 2011, Defendant wrote to Plaintiff again, seeking a response to its Request.  ("Supplemental request").  Plaintiff's Response to Request for Supplemental Demand was served on Defendant on April 4, 2011, demanding an amount of $2,000,000 in damages for Plaintiff's alleged injuries.  Dkt. No. 4-6 ("Response").  Defendant subsequently filed its Removal notice on April 19, 2011.  See Removal notice.

### III.   STANDARD OF REVIEW

A party may remove a case to federal court from state court in any civil action, if the case could have originally been brought in federal court.  28 U.S.C. § 1441(a) (2003).  Furthermore, "the party asserting federal jurisdiction bears the burden of establishing jurisdiction." Blockbuster, Inc. v. Galeno, 472 F.3d 53, 57 (2d Cir. 2006).  In order to establish federal jurisdiction, a party must demonstrate either: (1) complete diversity of citizenship between the

parties, and that the amount in controversy is $75,000 or greater; or (2) that the case involves a question arising under federal law, the United States Constitution, or a treaty.  28 U.S.C. §§ 1331; 1332(a).  Once established, the burden shifts to the opposing party "to show that an exception to removal applies."  New Jersey Carpenters Vacation Fund v. HarborView Mortg. Loan Tr. 2006-4, 581 F. Supp. 2d 581, 583 (S.D.N.Y. 2008).  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).  Furthermore, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal . . . ."  Id.

On a motion to remand, "the defendant has the burden of establishing that removal is proper."  United Food & Commercial Workers Union, Local 919, AFL–CIO v. CenterMark Props. Meriden Square, Inc., 30 F.3d 298, 301 (2d Cir. 1994).  The Court must "constru[e] all factual allegations in favor of the party seeking remand."  O'Brien & Gere Ltd. v. Bus. Software Alliance, No. 5:07-CV-1174, 2008 WL 268430, at *3 (N.D.N.Y. Jan. 30, 2008).  Additionally, "[t]here is a strong presumption against removal jurisdiction and any removal statute is to be construed narrowly, 'resolving any doubts against removability'" and in favor of remand.  New Jersey Carpenters, 581 F. Supp. 2d at 582-83 (quoting Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 274 (2d Cir.1994)); Anwar v. Fairfield Greenwich Ltd., 676 F. Supp. 2d 285, 292 (S.D.N.Y. 2009).

**IV.   DISCUSSION**

Under 28 U.S.C. § 1446(b), the party seeking removal must file a notice of removal "within thirty days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  28 U.S.C. § 1446(b) (2007).  Additionally, if the case is not removable based on the initial pleading, "a notice

of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Id.

Plaintiff contends that this removal period elapsed between the filing and service of the Summons and Complaint and the filing of the Removal notice. See Pl.'s Mem. of law in supp. of mot. to remand (Dkt. No. 4-7) ("Pl.'s Mem.") at 2. According to Plaintiff, the removal period was triggered on July 19, 2010, upon service of Plaintiff's Complaint and Summons on Defendant. See id. at 3-4. Defendant, however, claims that the removal period did not begin until April 4, 2011, when it was served with Plaintiff's Response indicating the amount of damages Plaintiff sought. See Def.'s Mem. of law in opposition to motion to remand ("Def's Mem.") (Dkt. No. 5) at 2, 5.

The Second Circuit has held that under 28 U.S.C. § 1446(b), the removal period "does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." Moltner v. Starbucks Coffee Co., 624 F.3d 34, 38 (2d Cir. 2010). While the Complaint clearly indicates that both parties to the action have diverse citizenship, it does not specify the amount of monetary damages sought. It states only that "the plaintiff, David Monty, has been substantially damaged and the amount of damage exceeds the jurisdictional limit of all lower courts." Compl. ¶ 14. It was not until March 28, 2011, that Plaintiff sent Defendant his Response to its Requests for a demand, explicitly specifying the amount of monetary damages sought. See Resp. Thus, the removal period did not begin to run until Defendant's receipt of Plaintiff's Response on April 4, 2011. Moltner, 624 F.3d at 38. Defendant filed its Removal notice on April 19, 2011, fifteen days later. The Court therefore concludes that the Removal notice was timely filed pursuant to 28 U.S.C. § 1446(b).

V.  **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion to remand (Dkt. No. 4) is **DENIED;** and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED.**

DATED:    October 11, 2011
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge